IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michael W Rudy and Maria L James Rudy, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | CIVIL ACTION NO. 4:23-cv-00119 (JURY) |
| United Services Automobile Association, | § § § | |
| *Defendant,* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Michael W Rudy and Maria L James Rudy, ("Plaintiffs"), and files Plaintiffs' Original Complaint, complaining of United Services Automobile Association ("USAA") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiffs, Michael W Rudy and Maria L James Rudy, reside in Montgomery County, Texas.

2. Defendant, United Services Automobile Association, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon USAA, through its registered agent for service listed with the Texas Department of Insurance: Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Plaintiffs request service at this time.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1),

as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

**FACTS**

6. Plaintiffs asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs owned aUnited Services Automobile Association  insurancepolicy, number 001268326-93A ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 11822 White Oak Trail, Conroe, Texas 77385 ("the Property").

8. United Services Automobile Association or its agent sold the Policy, insuring the Property, to Plaintiffs.United Services Automobile Association  represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property.  During the policy period from March 06, 2022 to March 06, 2023,  a severe storm passed through the Montgomery County, Texas area.

9. In the aftermath of the storm, Plaintiffs submitted a Claim toUnited Services Automobile Association  against the Policy for damage to the Property.United Services Automobile

Association assignedclaim number 001268326-027 to Plaintiffs' claim (the "Claim"). The claim was assigned a date of loss of 05/01/2022.

10. Plaintiffs asked USAA to cover the cost of damage to the Property pursuant to the Policy.

11. United Services Automobile Association hired or assigned its agent, Jose Marquez, to inspect and adjust the claim. Marquez conducted an inspection on or about June 22, 2022, according to the information containted in their estimate. Marquez's findings generated and estimate of damages totaling $705.04. After application of depreciation and $4,350.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

12. USAA, through its agent, Marquez, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. USAA either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

13. USAA and Marquez have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior and interior damage. The third-party inspector hired to review the damage to the Property found additional storm damage damage that was completely absent from Marquez's estimate. Marquez found damage only to the rain cap, roof vent, and shed. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the sunroom.

14. The damage to Plaintiffs' Property is currently estimated at $61,467.85.

15. Marquez had a vested interest in undervaluing the claims assigned to them by USAA in

order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Marquez.

16. Furthermore, Marquez was aware of Plaintiffs' deductible prior to inspecting the Property. Marquez had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

17. Marquez misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Marquez made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiffs' Policy, Marquez misrepresented that the damage was caused by non-covered perils. Marquez used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

19. As stated above, USAA and Marquez improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, USAA and Marquez misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

20. USAA and Marquez made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. USAA and Marquez made these false representations with the intent that Plaintiffs acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Marquez.

21. Plaintiffs relied on USAA and Marquez's misrepresentations, including but not limited to

those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

22. Upon receipt of the inspection and estimate reports from Marquez, USAA failed to assess the Claim thoroughly. Based upon Marquez's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, USAA failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because USAA and Marquez failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24. Furthermore, USAA and Marquez failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Marquez performed an unreasonable and substandard inspection that allowed USAA to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25. USAA and Marquez's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26. USAA and Marquez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). USAA and Marquez have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to

Plaintiffs under the Policy. Specifically, USAA and Marquez have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27. USAA and Marquez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). USAA and Marquez failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

28. Additionally, after USAA received statutory demand on or about 09/12/2022, USAA has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

29. USAA and Marquez's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Marquez performed a biased and intentionally substandard inspection designed to allow USAA to refuse to provide full coverage to Plaintiffs under the Policy.

30. Specifically, USAA and Marquez performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31. USAA's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Marquez's subpar inspection, USAA failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

32. USAA's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE §542.056. Due to Marquez's intentional undervaluation of Plaintiffs' Claim, USAA failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Marquez's understatement of the damage to the Property caused USAA to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

33. USAA and Marquez's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35. USAA is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between USAA and Plaintiffs.

36. USAA's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of USAA's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. All allegations above are incorporated herein.

38. USAA's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are

actionable by TEX. INS. CODE §541.151.

39. USAA's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

40. USAA's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though USAA's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. USAA's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. USAA's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. USAA's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. USAA's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. USAA's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. USAA's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though USAA knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. USAA's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code 17.41–63. Plaintiffs are a consumer of goods and services provided by USAA pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against USAA. Specifically, USAA's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, USAA have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. USAA's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. USAA represented to Plaintiffs that the Policy and USAA's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C. USAA represented to Plaintiffs that USAA's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section

       17.46(b)(7) of the DTPA.

D. USAA advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. USAA breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. USAA's actions are unconscionable in that USAA took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. USAA's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. USAA's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of USAA is a producing cause of Plaintiffs' damages. All of USAA's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

49. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

50. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

51. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

52. Plaintiffs currently estimates that actual damages to the Property under the Policy are $61,467.85.

53. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

54. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

55. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and Tex. Bus. & Com. Code 17.50(b) (1).

56. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount USAA owed, exemplary damages, and damages for emotional distress.

58. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

59. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

60. Plaintiffs hereby requests a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs pray that Defendant, United Services Automobile Association, be cited and served to appear and that upon trial hereof, Michael W Rudy and Maria L James Rudy, recover

from Defendant, United Services Automobile Association such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Boone Moyle*

Chad T. Wilson
Texas Bar No. 24079587
Southern District Bar No. 2249683
Boone Moyle
Texas Bar No. 24121238
Southern District Bar No. 3755565
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
bmoyle@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF